[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-17717

————————————————

D.C. Docket No. 1:16-cv-00341-RWS

BRUCE GATES,
on behalf of himself and those similarly situated,

Plaintiff - Appellant,

versus

TF FINAL MILE, LLC,
a Foreign Limited Liability Company,
formerly known as Dynamex Operations East, LLC,

Defendant - Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(August 15, 2019)

Before JORDAN, GRANT, and SILER,[*] Circuit Judges.

PER CURIAM:

The plaintiffs—a group of same-day delivery drivers—sued their former employer—TF Final Mile, LLC—under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., alleging unpaid minimum and overtime wages. They appeal the district court's order dismissing their complaint and compelling arbitration.

TF Final Mile moved to dismiss the complaint and compel arbitration pursuant to the parties' Independent Contractor Agreement for Transportation Services, which contained an arbitration provision. In its motion, TF Final Mile argued that the plaintiffs' claims should be arbitrated under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. The plaintiffs responded that § 1 of the FAA, which provides a narrow exemption to arbitration, applies to the Independent Contractor Agreement. Specifically, 9 U.S.C. § 1 "exempts from [FAA] coverage any arbitration agreement contained in 'contracts of employment of . . . workers engaged in foreign or interstate commerce.'" *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting § 1).

In addressing the exemption, the district court considered, among other things, whether the Independent Contractor Agreement was a "contract[ ] of employment" under § 1. The determining factor, according to the district court,

[*] The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

was whether the plaintiffs "*were independent contractors or Defendant's employees*[.]" D.E. 32 at 7 (emphasis added). Because it concluded that the plaintiffs were independent contractors, the district court ruled that § 1 did not apply. *See id.* at 9. In other words, the district court believed that an independent contractor agreement is not a contract of employment under § 1. Given an intervening Supreme Court decision, that was error.

After the district court entered its order, the Supreme Court held in *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 539–44 (2019), that § 1 applies to employer-employee agreements as well as independent-contractor agreements because, at the time Congress passed the FAA, "contracts of employment" included independent contractor agreements. Under the Court's holding in *New Prime*, the district court erred by treating § 1's application as contingent upon "whether Plaintiffs were independent contractors or [ ] employees." D.E. 32 at 7.

For these reasons, we reverse the district court's order of dismissal and remand for reconsideration in light of the Supreme Court's opinion in *New Prime*, 139 S. Ct. at 539–44.

**REVERSED AND REMANDED.**